**JUDGE FURMAN**

13 CIV 4576

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

RUBIN MARTINEZ, JR

Index:

Plaintiff,

COMPLAINT

-against-

JURY DEMAND IN THE
COMPLAINT

THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT,
JOHN DOE POLICE OFFICER #1, whose
name is currently unknown, individually
and in his official capacity and JOHN DOE
POLICE OFFICER #2, whose name is
currently unknown, individually and in his
official capacity,

Defendants

RECEIVED
JUL -2 2013
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff by his attorneys DAVID J. BRODERICK, P.C., as and for a cause

of action alleges upon information and belief as follows:

**PRELIMINARY STATEMENT**

1.     This is a civil rights action brought by Plaintiff RUBIN MARTINEZ, JR to

seek relief for Defendants' violation of his rights, privileges, and immunities

secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, The Fourth and

Fourteenth Amendments of the United States Constitution, Title VI of the Civil

Rights Act of 1964, and the Constitution and laws of the State of New York and

the New York City Human Rights Law.

2.     The Plaintiff brings this action to vindicate his rights as well as the rights of

all law-abiding New York City residents, including but not limited to Hispanic males, to be free from unconstitutional and unlawful stops, searches, seizures and arrests by members of the New York City Police Department.

3.      Succinctly stated on or about July 2, 2010, Plaintiff RUBEN MARTINEZ, JR, a Hispanic male and resident of New York City, was lawfully walking into the premises known as 100 Center Street.  Mr. Martinez was stopped, detained, and arrested without being read his Miranda rights, and without notification as to any charge.  Plaintiff was held without charge and released from incarceration on or about July 7, 2010.  Thus, the arrest was terminated in his favor.

4.      As a result of these Officers' actions, the defendants have violated Plaintiff RUBEN MARTINEZ rights under the United States Constitution, the laws of the United States as well as the Constitution and laws of the State of New York. Plaintiff seeks a declaration that the defendants' actions have been unlawful, injunctive relief, damages and attorneys' fees.

## JURISDICTION & VENUE

5.      This Court has jurisdiction pursuant to 28.U.S.C. §§ 1131, 1343(a), et. seq. ((a)(3) and (a)(4)), 42 U.S.C. §1983, violations of the 4th, 5th and 14th Amendments to the United States Constitution.

6.      This Court also has jurisdiction, pursuant to 28 U.S.C. §1367(a), over Plaintiff's claims under state and local laws because they are sol related to the

claims within the original jurisdiction of this Court that they form part of the same case or controversy.

7.    Venue is proper in this district under 28 U.S.C. §1402(b) because the claims of the plaintiff arose in this district.

8.    Plaintiff's claim for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## COMPLIANCE WITH
## NEW YORK STATE GENERAL MUNICIPAL LAW.

9.    On or about September 15, 2010 within 90 days of the occurrence, plaintiff filed a duly executed Notice of Claim with the City of New York (annexed hereto and made part hereof).  The City of New York established a claim under number 2010PI030234.

10.    Plaintiff was unable to attend a 50(h) hearing, and asked to for it to be rescheduled.  To date, the City of New York has not availed itself of plaintiff's offer to appear for a 50(h).

## PARTIES

11.    Plaintiff is a 51 year old Hispanic Male.

12.    Defendant THE CITY OF NEW YORK is a municipal corporation duly authorized and existing by the laws of the State of New York.

13.    Defendant RAYMOND KELLY is the Commissioner of the New York City

Police Department, which is a department and/or agency of the City of New York.
RAYMOND KELLY is sued in both his individual capacity and in his official
capacity as the Commissioner of the New York City Police Department.
Defendant RAYMOND KELLY is or was, at all times relevant herein, delegated
with final authority for the policies, practices, guideline and/or customs of the
NEW YORK CITY POLICE DEPARTMENT as well as had final policy making
authority for screening, hiring, training, retention, supervision, discipline,
counseling and control of the employees and/or officers comprising the NEW
YORK CITY POLICE DEPARTMENT working under his command.

14.    Defendant KELLY is on record as supporting the unlawful and
unconstitutional practice of stopping, searching and frisking persons whom are
otherwise engaged in lawful activity.

15.    Defendant JOHN DOE POLICE OFFICER #1 is an unknown white male
police officer who violated the rights and liberties of the plaintiff.

16.    Defendant JOHN DOE POLICE OFFICER #2 is an unknown police officer
who violated the rights and liberties of the plaintiff.

## FACTS

17.    On or about April 20, 2010 plaintiff was released from prison.

18.    On or about July 2, 2010, at approximately 11:30 am, plaintiff was lawfully
entering 100 Center Street, New York, New York to retrieve records he needed to

reinstate his VA Benefits.

18.     While lawfully in 100 Center Street, New York, New York, plaintiff

detained, arrested and falsely imprisoned without charge and without receiving

any Miranda rights.

19.     Plaintiff was held by the NYPD against his will for some 5 days.

20.     After the expiration of some 5 days, plaintiff was released from custody;

thus, the proceedings ended in favor of the plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. 1983
## UNLAWFUL STOP & SEIZURE OF PLAINTIFF

21.     That the 4th amendment of the United States Constitution specifically
        provides:

> "The right of the people to be secure in their persons, houses,
> papers, and effects, against unreasonable searches and seizures,
> shall not be violated, and no warrants shall issue, but upon
> probable cause, supported by oath or affirmation, and
> particularly describing the place to be searched, and the
> persons or things  to be seized"

22.     That 42 U.S.C. 1983 provides that:

> "Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other persons within the
> jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress, except that in any action

brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

23.     That on about July 2, 2010, plaintiff was, and still is, a Citizen of the State of New York

24.     That On or about July 2, 2010, JOHN DOE #1 POLICE OFFICER was acting under the color of law, statute, ordinance, regulation, custom and/or usage of the State of New York and/or City of New York.

25.     That On or about July 2, 2010, JOHN DOE #2 POLICE OFFICER was acting under the color of law, statute, ordinance, regulation, custom and/or usage of the State of New York and/or City of New York.

26.     That On or about July 2, 2010, JOHN DOE #2 POLICE OFFICER was acting under the color of law, statute, ordinance, regulation, custom and/or usage of the State of New York and/or City of New York.

27.     That On or about July 2, 2010, defendant CITY OF NEW YORK's employees, agents, and/or servants were acting under the color of law, statute, ordinance, regulation, custom and/or usage of the State of New York and/or City of New York.

28.     That On or about July 2, 2010, defendant NEW YORK CITY POLICE DEPARTMENT was acting under the color of law, statute, ordinance, regulation and/or usage of the State of New York and/or City of New York.

29.     On or about July 2, 2010, plaintiff had the right to lawfully enter 100 Church Street, New York, New York a building open to the public.

30.     That On or about July 2, 2010, plaintiff lawfully entered 100 Center Street, New York, New York.

31.     On or about July 2, 2010, defendant JOHN DOE #1 POLICE OFFICER  stopped plaintiff  from proceeding on his way.

32.     On or about July 2, 2010, defendant JOHN DOE #2 POLICE OFFICER, stopped plaintiff from proceeding on his way.

33.     On or about July 2, 2010, defendant CITY OF NEW YORK's employees, agents, and/or servants stopped plaintiff from proceeding on his way.

34.     On or about July 2, 2010, defendant NEW YORK CITY POLICE DEPARTMENT's employees, agents, and/or servants stopped plaintiff from proceeding on his trip.

35.     On or about July 2, 2010, defendant JOHN DOE #1 POLICE OFFICER,  forced plaintiff to be placed in handcuffs.

36.     On or about July 2, 2010, defendant JOHN DOE #2 POLICE OFFICER, forced plaintiff to be placed in handcuffs.

37.     On or about July 2, 2010, defendant CITY OF NEW YORK's employees, agents, and/or servants forced plaintiff to be placed in handcuffs.

38.     On or about July 2, 2010, defendant NEW YORK CITY POLICE DEPARTMENT'S employees, agents, and/or servants, forced plaintiff to be placed in handcuffs.

39.     On or about July 2, 2010, defendant JOHN DOE #1 POLICE OFFICER, threw plaintiff up against a wall.

40.     On or about July 2, 2010 , defendant JOHN DOE #2 POLICE OFFICER, threw plaintiff up against a wall.

41.     On or about July 2, 2010, defendant CITY OF NEW YORK's employees, agents, and/or servants threw plaintiff up against a wall.

42.     On or about July 2, 2010, defendant NEW YORK CITY POLICE DEPARTMENT's employees, agents, and/or servants threw plaintiff up against a wall.

43.     On or about July 2, 2010, plaintiff was taken into custody by the NYPD.

44.     On or about July 2, 2010, plaintiff was fingerprinted.

45.     Plaintiff was in the custody of the NYPD from July 2, 2010 until

approximately July 7, 2010.

46.     On or about July 7, 2010, plaintiff was finally released from custody

after being unlawfully and illegally detained for more than 5 days.

47.     On or about July 2, 2010, plaintiff did not consent to and/or authorize

his detention, seizure and/or false arrest by defendant JOHN DOE #1

POLICE OFFICER.

48.     On or about July 2, 2010, plaintiff did not consent to and/or authorize

his detention, seizure and/or false arrest by defendant JOHN DOE #2

POLICE OFFICER.

49.     On or about July 2, 2010, plaintiff did not consent to and/or authorize

his detention, seizure and/or false arrest by defendant CITY OF NEW

YORK.

50.     On or about July 2, 2010, plaintiff did not consent to and/or authorize

his detention, seizure and/or false arrest by defendant NEW YORK CITY

POLICE DEPARTMENT.

51.     On or about July 2, 2010, plaintiff did not consent, permit and/or

authorize defendant JOHN DOE #1 POLICE OFFICER to touch his person.

52.     On or about July 2, 2010 , plaintiff did not consent, permit and/or authorize defendant JOHN DOE #2 POLICE OFFICER to touch his person.

53.     On or about July 2, 2010, plaintiff did not consent, permit and/or authorize defendant CITY OF NEW YORK's employees, agents, and/or servants to touch his person.

54.     On or about July 2, 2010, plaintiff did not consent, permit and/or authorize defendant NEW YORK CITY POLICE DEPARTMENT's employees, agents, and/or servants to touch his person.

55.     On or about July 2, 2010, plaintiff was falsely imprisoned for the period of time he was unlawfully detained and/or seized.

56.     On or about July 2, 2010, defendants CITY OF NEW YORK and/or NEW YORK CITY POLICE DEPARTMENT and/or JOHN DOE #1 POLICE OFFICER 14021 and/or JOHN DOE #2 POLICE OFFICER did violate 42 U.S.C. 1983 in that defendants unlawfully detain, seize, imprison, batter and assault plaintiff in that said defendants (1) intended to confine plaintiff and impede his travel, (2) plaintiff was conscious of his confinement, (3) plaintiff did not consent to his confinement and (4) the confinement was not otherwise privileged.

57.     That by reason of the foregoing actions of said defendants, plaintiff was caused to suffer deprivation of his Civil Rights, permanent

embarrassment, humiliation, pain, suffering, inconvenience and damage to his reputation.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. 1983
## BATTERY

79.     Plaintiff repeats and reiterates each and every paragraph above as if it were more fully set forth herein.

80.     On or about July 2, 2010, plaintiff had the right to be free from actual physical contact by defendant CITY OF NEW YORK and its agent, employee and or servant JOHN DOE #1 POLICE OFFICER  while he was acting lawfully.

81.     On or about July 2, 2010, plaintiff had the right to be free from actual physical contact by defendant CITY OF NEW YORK and its agent, employee and or servant JOHN DOE #2 POLICE OFFICER while he was acting lawfully.

82.     On or about July 2, 2010, plaintiff had the right to be free from actual physical contact by defendant NEW YORK CITY POLICE DEPARTMENT and its agent, employee and or servant JOHN DOE #1 POLICE OFFICER while he was acting lawfully.

83.     On or about July 2, 2010, plaintiff had the right to be free from actual

physical contact by defendant NEW YORK CITY POLICE DEPARTMENT and its agent, employee and or servant JOHN DOE #2 POLICE OFFICER while he was acting lawfully.

84.     On or about July 2, 2010, plaintiff had the right to be free from actual physical contact by defendant CITY OF NEW YORK and its agents, employees and or servants while he was acting lawfully.

85.     On or about July 2, 2010, plaintiff had the right to be free from actual physical contact by defendant NEW YORK CITY POLICE DEPARTMENT and its agent, employee and or servant while he was acting lawfully.

86.     On or about July 2, 2010, defendant JOHN DOE #1 POLICE OFFICER did make actual physical contact with plaintiff.

87.     On or about July 2, 2010, defendant JOHN DOE #2 POLICE OFFICER did make actual physical contact with plaintiff.

88.     On or about July 2, 2010, defendant CITY OF NEW YORK's employees, agents, and/or servants did make actual physical contact with plaintiff.

89.     On or about July 2, 2010, defendant NEW YORK CITY POLICE DEPARTMENT's employees, agents, and/or servants did make actual physical contact with plaintiff.

90.     On or about July 2, 2010, plaintiff was battered by defendants at the aforesaid location when defendant JOHN DOE #1 POLICE OFFICER seized and/or grabbed his person.

91.     On or about July 2, 2010, plaintiff was battered by defendants at the aforesaid location when defendant JOHN DOE #2 POLICE OFFICER seized and/or grabbed his person.

92.     On or about July 2, 2010, plaintiff was battered by defendants at the aforesaid location when defendant CITY OF NEW YORK's employees, agents, and/or servants seized and/or grabbed his person.

93.     On or about July 2, 2010, plaintiff was battered by defendants at the aforesaid location when defendant NEW YORK CITY POLICE DEPARTMENT's employees, agents, and/or servants seized and/or grabbed his person.

94.     On or about July 2, 2010, defendant JOHN DOE #1 POLICE OFFICER was acting under the color of law when he unlawfully seized and grabbed the person of plaintiff.

95.     On or about July 2, 2010, defendant JOHN DOE #2 POLICE OFFICER was acting under the color of law when he unlawfully seized and grabbed the person of plaintiff.

96.     On or about July 2, 2010, defendant CITY OF NEW YORK's employees, agents, and/or servants were acting under the color of law when he unlawfully seized and grabbed the person of plaintiff.

97.     On or about July 2, 2010, defendant NEW YORK CITY POLICE DEPARTMENT's employees, agents, and/or servants were acting under the color of law when he unlawfully seized and grabbed the person of plaintiff

98.     On or about July 2, 2010, plaintiff did not consent, invite, authorize, voluntarily submit, and /or voluntarily permit said defendants to make actual physical contact with his person.

99.     That by reason of the foregoing actions of said defendants, plaintiff was caused to suffer deprivation of his Civil Rights, permanent embarrassment, humiliation, pain, suffering, inconvenience and damage to is reputation.

## THIRD CASE OF ACTION
## FALSE ARREST, UNLAWFUL DETENTION & SEIZURE
## COMMON LAW

100.    Plaintiff repeats and reiterates each and every paragraph as if it were more fully set forth herein.

101.    On or about July 2, 2010, plaintiff was seized, arrested and unlawfully detained by JOHN DOE #1 POLICE OFFICER.

102.        On or about July 2, 2010, plaintiff was seized, arrested and

unlawfully detained by JOHN DOE #2 POLICE OFFICER.

103.        On or about July 2, 2010, plaintiff was seized, arrested and

unlawfully detained by CITY OF NEW YORK's employees, agents, and/or

servants.

104.        On or about July 2, 2010, plaintiff was seized, arrested and

unlawfully detained by NEW YORK CITY POLICE DEPARTMENT's

employees, agents, and/or servants

105.        At the aforementioned time, plaintiff did not authorize his detention.

106.        At the aforementioned time, plaintiff was conscious of his detention.

107.        At the aforementioned time, plaintiff did not authorize, permit and/or
consent to his detention.

108.        Plaintiff was never arraigned..

109.        Plaintiff was never charged with a crime.

110.        That by reason of the foregoing actions of said defendants, plaintiff

was caused to suffer deprivation of his Civil Rights, permanent

embarrassment, humiliation, pain, suffering, inconvenience and damage to

his reputation.


## FOURTH CAUSE OF ACTION
### BATTERY

111.  Plaintiff repeats and reiterates each and every paragraph above as if it were

more fully set forth herein.

112.    On or about July 2, 2010, defendant JOHN DOE #1 POLICE

OFFICER did intentionally physically touch plaintiff .

113.    On or about July 2, 2010, defendant JOHN DOE #2 POLICE

OFFICER did intentionally physically touch plaintiff .

114.    On or about July 2, 2010, defendant CITY OF NEW YORK's

employees, agents, and/or servants did intentionally physically touch

plaintiff .

115.    On or about July 2, 2010, defendant NEW YORK CITY POLICE

DEPARTMENT's employees, agents, and/or servants did intentionally

physically touch plaintiff .

116.    At the aforementioned time, plaintiff did not consent, authorize

and/or permit said touching.

117.    At the aforementioned time, JOHN DOE #1 POLICE OFFICER

touching of  was not privileged.

118.    At the aforementioned time, JOHN DOE #2 POLICE OFFICER

touching of  was not privileged.

119.    At the aforementioned time, defendant CITY OF NEW YORK's

employees, agents, and/or servants touching of  was not privileged.

120.    At the aforementioned time, NEW YORK CITY POLICE

DEPARTMENT's employees, agents, and/or servants touching of was not privileged.

121.     Plaintiff was never charged with a crime.

122.     That by reason of the foregoing actions of said defendants, plaintiff was caused to suffer deprivation of his Civil Rights, permanent embarrassment, humiliation, pain, suffering, inconvenience and damage to his reputation.

## FIFTH CAUSE OF ACTION
## VIOLATION OF ARTICLE 2 SECTION 8 OF NYS CIVIL RIGHTS LAW & ARTICLE 1, SECTION 12 OF THE NYS CONSTITUTION.

123.     Plaintiff repeats and reiterates each and every paragraph above as if it were more fully set forth below.

124.     Article 1 Section 12 of the New York State Constitution provides:

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants can issue but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

125.     Article 2 section 8 of the NYS CIVIL RIGHTS LAW provides:

§ 8. Right of search and seizure. The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants can issue but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons

or things to be seized.

126.     On or about July 2, 2010 , defendants CITY OF NEW YORK through its department and/or agency known as the NEW YORK CITY POLICE DEPARTMENT, JOHN DOE POLICE OFFICERS ## 1 & 2 did unlawfully seize plaintiff in violation of Article 2, §8 of the New York State Civil Rights Law when said defendants falsely  arrested plaintiff.

127.     On or about July 2, 2010, defendants CITY OF NEW YORK through its department and/or agency known as the NEW YORK CITY POLICE DEPARTMENT, JOHN DOE POLICE OFFICERS ## 1 & 2 did unlawfully seize plaintiff in violation of Article 2, §8 of the New York State Civil Rights Law when said defendants falsely arrested, detained, and frisked the plaintiff.

128.     On or about July 2, 2010, defendants CITY OF NEW YORK through its department and/or agency known as the NEW YORK CITY POLICE DEPARTMENT, JOHN DOE POLICE OFFICERS ## 1 & 2 did unlawfully seize plaintiff in violation of Article 2, §8 of the New York State Civil Rights Law.

129.     By sanctioning and enforcing this stop, frisk, search and arrest practices in the manner described above, the Defendants intentionally and under color of state law has stopped, seized, questioned, searched, strip searched and/or arrested plaintiff and other Hispanics/Latinos without reasonable suspicion or probable cause that a crime has been committed in violation of the Constitution and laws of the State of New York.

130.     These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, promoted, encouraged and sanctioned by the City, including but not limited to: (a) the failure to adequately and properly screen, train, and supervise NYPD officers; 9b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's suspicionless questioning and false arrest practices.

131.     That by reason of the foregoing actions of said Defendants, plaintiff was caused to suffer deprivation of his Civil Rights, permanent embarrassment, humiliation, pain, suffering, inconvenience and damage to reputation.  That as a result of the foregoing, plaintiff was injured in the

amount of THREE MILLION ($3,000,000.00) DOLLARS.


## SIXTH CAUSE OF ACTION
## VIOLATION OF ARTICLE 4 SECTION 40 OF NYS CIVIL RIGHTS LAW.

132.        Plaintiff repeats and reiterates each and every paragraph above as if it were more fully set forth below.

133.   Article 4 §40 of the New York State Civil Rights law provides:

§ 40-c. Discrimination. 1. All persons within the jurisdiction of this state shall be entitled to the equal protection of the laws of this state or any subdivision thereof.
2. No person shall, because of race, creed, color, national origin, sex, marital status, sexual orientation or disability, as such term is defined in section two hundred ninety-two of the executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state.

134.        On or about July2, 2010, defendants CITY OF NEW YORK through

its department and/or agency known as the NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, JOHN DOE POLICE OFFICERS

## 1 & 2 had in place a facially neutral stop & frisk policy which said

defendants utilized in a racially discriminatory manner as noted above.

135.        On or about July 2, 2010, defendants CITY OF NEW YORK through

its department and/or agency known as the NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, JOHN DOE POLICE OFFICERS

## 1 & 2 while acting under the color of law defendants did discriminate against plaintiff in the exercise of his civil rights when defendants JOHN DOE POLICE OFFICERS ## 1 & 2 arrested plaintiff for no justifiable reason.

136.    On or about July 2, 2010, defendants CITY OF NEW YORK through its department and/or agency known as the NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, JOHN DOE POLICE OFFICERS ## 1 & 2 while acting under the color of law defendants did discriminate against in the exercise of his civil rights when defendants JOHN DOE POLICE OFFICERS ## 1 & 2 stopped, frisked, arrested, deatained and search plaintiff for no justifiable cause.

137.    On or about July 2, 2010, defendants CITY OF NEW YORK through its department and/or agency known as the NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, JOHN DOE POLICE OFFICERS ## 1 & 2 while acting under the color of law defendants did discriminate against plaintiff in the exercise of his civil rights when defendants JOHN DOE POLICE OFFICERS ## 1 & 2 stopped, frisked, detained, arrested and searched plaintiff for no justifiable cause and would not have treated a white male in the same way.

138.    That by reason of the foregoing actions of said Defendants, plaintiff

was caused to suffer deprivation of his Civil Rights, permanent embarrassment, humiliation, pain, suffering, inconvenience and damage to reputation. That as a result of the foregoing, plaintiff was injured in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## SEVENTH CAUSE OF ACTION

### Unlawful Discrimination under 42 USC §1981

139. Plaintiff repeats and reiterates each and every paragraph above as if it were more fully set forth below.

140. By the actions described above, Defendants have continually denied Hispanics, more particularly plaintiff, the same rights and privileges afforded to and enjoyed by white citizens of the United States. Hispanics, more particularly the plaintiff herein, have been denied the enjoyment of the benefits, privileges, terms and conditions because their ability to enter and exit their homes and walk on the street have been impeded and compromised because of the defendants unlawful stop and frisk policy as implemented by defendants.

141. By the actions described above, defendants have also denied plaintiff the full and equal benefit of all laws and proceedings for the security of persons

and property as enjoyed by white citizens, and have subjected Hispanics, more particularly the plaintiff herein, to disparate forms of punishment, pains and penalties as compared to white citizens of the United States, in violation of 42 U.S.C. §§ 1981.

142.  By the actions described above, Defendants have engaged in, and continue to engage in, a policy, pattern, and practice of discrimination against Hispanics/Latino residents of the City of New York due to their race, or their racial composition, in violation of 42 U.S.C. §§ 1981 and 1983.

143.  The past and continuing acts and conduct of the Defendants, described above, were and are intentional, and have been carried out with deliberate indifference to the federally protected rights of Hispanics/Latinos and more specifically the plaintiff herein.

144.  Defendants have intentionally, knowingly, and continuously engage in the practices described above, with the intent of denying equal protection to the members of Hispanic/Latino neighborhoods.

145.  That by reason of the foregoing actions of said Defendants, plaintiff was caused to suffer deprivation of his Civil Rights, permanent embarrassment, humiliation, pain, suffering, inconvenience and damage to reputation.  That as a result of the foregoing, plaintiff was injured in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

# EIGHTH CAUSE OF ACTION

## Respondeat Superior for False Arrest and False Imprisonment

146.     Plaintiff repeats and reiterates each and every paragraph above as if it were more fully set forth below.

147.  NYPD Officers, more specifically JOHN DOE POLICE OFFICERS ## 1 & 2, have unlawfully and unjustifiably detained, arrested, stopped, searched, strip searched, deprived liberty against the will, and/or imprisoned the plaintiff and other members of the Hispanic/Latino population.

148.     The unjustifiable and unlawful stops, seizures, questioning, searches, strip searches, arrests, and imprisonments were carried out without a warrant.

149.     At all times mentioned, the unlawful false arrest, imprisonment, and search were forcible and against the will of the plaintiff.

150.     All of the foregoing occurred without any fault on the part of the plaintiff.

151.     At all relevant times, these NYPD officers, more particularly JOHN DOE POLICE OFFICERS ## 1 & 2, were employees of the City and were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

152.  Consequently, the CITY OF NEW YORK is liable under the doctrine of
      *respondeat superior* for the tortious actions of defendants JOHN DOE
      POLICE OFFICERS ## 1 & 2.

153.  That by reason of the foregoing actions of said Defendants, plaintiff was
      caused to suffer deprivation of his Civil Rights, permanent embarrassment,
      humiliation, pain, suffering, inconvenience and damage to reputation.  That
      as a result of the foregoing, plaintiff was injured in the amount of THREE
      MILLION ($3,000,000.00) DOLLARS.

154.  Plaintiff hereby request that this matter be heard by a Jury.

**WHEREFORE**, Plaintiff requests that this Court:

  (1) Assume jurisdiction over this matter;

  (2) Declare that the Defendants' acts, practices, policies, and omissions
  have deprived plaintiff of his rights under the Fourth and Fourteenth
  Amendment of the United States Constitution; 42 USC § 1981; Title VI of
  the Civil Rights Act of 1964, 42 U.S.C. 2000(d); the Constitution and laws
  of the State of New York and the New York City Human Rights Law;

  (3) Award monetary damages in the amount of THREE MILLION
  DOLLARS on the causes of actions numbered 1 through 8;

(4) Award attorneys' fees and costs pursuant to 42 USC §1988, 3613, 28

U.S.C. § 2414 and

(5) Grant any other relief the Court deems appropriate.


Respectfully Submitted,

DAVID J. BRODERICK, P.C.


DAVID J. BRODERICK (DB-1498)
David J. Broderick, P.C.
70-20 Austin Street
Suite 111
Forest Hills, New York 11375
Counsel for the Plaintiff
(718) 830-0700
Email: Brodericklegal@gmail.com



TO:
The Comptroller of CITY OF NEW YORK
1 Centre Street
Room 1200
New York, NY 10007-2341

THE NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
New York, New York